59 CCPA

**T. W. SAMUELS DISTILLERY, INC.,**
*Appellant,*

v.

**SCHENLEY DISTILLERS, INC.,**
*Appellee.*

**Patent Appeal No. 8754.**

United States Court of Customs
and Patent Appeals.
May 18, 1972.

Carol L. B. Matthews, Henry W. Leeds, Washington, D. C. (Mason, Fenwick & Lawrence), Washington, D. C., attorneys of record, for appellant.

Milton B. Seasonwein, New York City, attorney of record, for appellee.

Before RICH, ALMOND, BALDWIN, and LANE, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board dismissing appellant's opposition to the registration of "MR.

SOUR MASH" as a trademark for whiskey, application serial No. 242,749, filed April 5, 1966. The board's decision is reported in full at 164 USPQ 141.

Appellant opposes registration on the basis of its admittedly prior use and registration of the mark "Mr. Bourbon" for bourbon whiskey, Reg. No. 589,335 of May 4, 1954, issued to a predecessor in title.

The board was of the view that the marks of the parties differ in sound, appearance, and meaning, and so are we. On that basis it found no likelihood of confusion, mistake, or deception under section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

Appellant urges four reasons why we should hold the board to have been in error. The first two are contentions that the board gave undue weight to third party registrations and to evidence that "sour mash" may refer to other types of whiskey than bourbon. We find no indication in the board's opinion that that is so. The third is that the board erred in limiting its consideration to whether "sour mash" and "bourbon" are synonymous. That consideration was directed only to one of several points discussed, namely, whether the marks are identical in meaning. The board also found difference in sound and appearance. The fourth point is that the board failed to consider the "commercial impression" created by the concurrent use of the marks. Appellant's brief never makes clear what it means by "commercial impression." It does not seem to us to be anything other than what the probable impact will be on the ordinary purchaser in the market place, and we deem that to be no different from a consideration of the likelihood of confusion, mistake, or deception to which the board's opinion is devoted.

Finding no error, we affirm.

Affirmed.